OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be modified to provide that the first decretal paragraph of the Special Term order of May 20, 1982, which directs plaintiff to submit to an examination by a court-appointed psychiatrist, is stricken without prejudice to renewal by application to the Trial Judge should the legitimacy of plaintiff’s expenditures for psychiatric care become an issue during trial and, as so modified, is affirmed, without costs. The question certified is answered in the negative.
Notwithstanding that plaintiff husband expends approximately one half of his $120,000 annual income on psychiatric treatment for himself, it was error to grant defendant wife’s motion for examination of him by an independent psychiatrist. The husband alleges and the wife does not deny that his treatment and the expenditure therefor antedated the marriage and continued throughout the period the parties were living together.
*779 The husband has made no claim that his mental condition prevents him from earning enough to pay such alimony and support for defendant and the daughter of the marriage as may be found appropriate upon trial of the action for divorce. Nor has defendant wife presented anything more to indicate that plaintiff’s mental condition may become an issue than the fact that plaintiff’s attorney has not responded to the offer by defendant’s counsel to withdraw the request if plaintiff would “concede his ability to pay and not use the extraordinary payment to his psychiatrist as a defense.” No adequate basis for granting the order in question having been presented by defendant and plaintiff’s mental condition not being necessarily in issue under the circumstances of this case, it was error to have directed such an examination. It will be time enough to do so during trial should the facts as then developed establish to the satisfaction of the Trial Judge that plaintiff’s mental condition is in fact in controversy.
Chief Judge Cooke and Judges Jasen, Jones, Wachtler, Meyer and Kaye concur; Judge Simons taking no part.
Order modified in accordance with the memorandum herein and, as so modified, affirmed, without costs. Question certified answered in the negative.